FILED

2016 Jan-28  PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **NATIONAL-STANDARD COMPANY** **n/k/a NATIONAL STANDARD, LLC,**   ) ) | |
| )   **Plaintiff,** | **CIVIL ACTION NO.** |
| ) | _____ |
| **v.**   ) | |
| ) | |
| **FEDERAL INSURANCE COMPANY;**   ) **et al.,**   ) | **JURY DEMAND** **ENDORSED HEREON** |
| )   **Defendants.** ) | |

## DEFENDANT FEDERAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF NATIONAL-STANDARD COMPANY'S AMENDED COMPLAINT AND COUNTERCLAIM

Defendant Federal Insurance Company ("Federal"), by and through its undersigned counsel, for its Answer to Plaintiff National-Standard Company, n/k/a National-Standard, LLC's ("National-Standard") Amended Complaint (the "Complaint") states as follows:

### FIRST DEFENSE

### Parties

1.      To the extent Paragraph 1 of the Complaint sets forth the nature of this action and/or states a legal conclusion, no response is required from Federal; further answering, Federal admits only that National-Standard is a defendant in the *Bell Carr* case; further answering Federal denies for lack of knowledge or information

sufficient to form a belief as to the truth thereof each and every remaining allegation contained in Paragraph 1 of the Complaint.

2.      For its Answer to Paragraph 2 of the Complaint, Federal admits only that it is an Indiana corporation with its principal place of business in New Jersey and it is licensed to do business in Alabama; further answering, Federal denies each and every remaining allegation contained in Paragraph 2 of the Complaint.

3.      For its Answer to Paragraph 3 of the Complaint, Federal admits only that Federal issued general liability insurance policies to National-Standard as follows: Policy No. 3535-25-15 for the policy period April 1, 1999 to April 1, 2000, Policy No. 3535-25-15 for the policy period April 1, 2000 to April 1, 2001, and Policy No. 3535-25-15 CHI for the policy period April 1, 2001 to April 1, 2002 (the "Federal Policies"); further answering, Federal denies each and every remaining allegation contained in Paragraph 3 of the Complaint.

4.      Federal denies for lack of knowledge or information sufficient to form a belief as to the truth thereof each and every allegation contained in Paragraph 4 of the Complaint; further answering, the persons identified in Paragraph 4 of the Complaint are not necessary parties to this lawsuit as they are not parties to the Federal Policies, are not third-party beneficiaries of any duty to defend contained in the Federal Policies, and they have no interest whatsoever in whether National-Standard is entitled to a defense of the *Bell Carr* case under the Federal Policies;

further answering, Federal avers that, to the extent the persons identified in Paragraph 4 of the Complaint are determined to have an interest in this lawsuit, they should all be re-aligned as plaintiffs.

5.      To the extent Paragraph 5 of the Complaint sets forth the nature of this action and/or states a legal conclusion, no response is required from Federal; further answering, Federal denies that the persons identified in Paragraph 4 of the Complaint are necessary parties under Alabama Code § 6-6-227 because they have no interest whatsoever in whether National-Standard is entitled to a defense of the *Bell Carr* case under the Federal Policies, and to the extent the persons identified in Paragraph 4 of the Complaint are determined to have an interest in this lawsuit, they should all be re-aligned as plaintiffs.

## Jurisdiction and Venue

6.      For its Answer to Paragraph 6 of the Complaint, Federal admits only that it is licensed to do business in Alabama; further answering, Federal denies each and every remaining allegation contained in Paragraph 6 of the Complaint.

7.      Federal denies each and every allegation contained in Paragraph 7 of the Complaint;  further answering, Federal avers that whether National-Standard is entitled to a defense of the *Bell Carr* case under the Federal Policies arises from contracts issued by Federal, an Indiana corporation with a principal place of business in New Jersey, to National-Standard, which had a principal place of business in

Niles, Michigan at the time the Federal Policies were issued and, as such, venue is not proper in Fayette County, Alabama.

## The *Bell Carr* Case

8.      For its Answer to Paragraph 8 of the Complaint, Federal denies for lack of knowledge or information sufficient to form a belief as to the truth thereof when the claimants initially filed their action against National-Standard in the *Bell Carr* case and whether the Second Amended Complaint is the operative pleading in the *Bell Carr* case; further answering, Federal denies each and every remaining allegation contained in Paragraph 8 of the Complaint.

9.      For its Answer to Paragraph 9 of the Complaint, Federal admits only that the Second Amended Complaint is a written document which speaks for itself and is the best evidence of its contents; further answering, Federal denies that a copy of the Second Amended Complaint in *Bell Carr* was attached to the Complaint as Exhibit A; further answering, Federal denies for lack of knowledge or information sufficient to form a belief as the truth thereof each and every remaining allegation contained in Paragraph 9 of the Complaint.

10.      Paragraph 10 of the Complaint contains legal conclusions to which no response is required from Federal; further answering, to the extent an answer is required, Federal admits the allegations contained in Paragraph 10 of the Complaint.

**The Federal Policies**

11.      For its Answer to Paragraph 11 of the Complaint, Federal admits that it issued the Federal Policies, all of which are written documents which speak for themselves and are the best evidence of their contents; further answering, Federal denies any attempt to characterize and paraphrase the Federal Policies; further answering, Federal denies each and every remaining allegation contained in Paragraph 11 of the Complaint.

**National Standard Seeks a Defense**

12.      Federal denies for lack of knowledge or information sufficient to form a belief as to the truth thereof each and every allegation contained in Paragraph 12 of the Complaint.

13.      Federal denies each and every allegation contained in Paragraph 13 of the Complaint.

14.      For its answer to Paragraph 14 of the Complaint, Federal admits only that National-Standard is not entitled to a defense in the *Bell Carr* case; further answering, Federal denies each and every remaining allegation contained in Paragraph 14 of the Complaint.

## Count 1
## Declaration that Federal Must Defend, or Pay for the Defense of, *Bell Carr*

15.    For its answer to Paragraph 15 of the Complaint, Federal incorporates by reference as if fully set forth herein the admissions, denials, and averments contained in Paragraphs 1 through 14 of this Answer.

16.  Federal denies each and every allegation contained in Paragraph 16 of the Complaint.

In response to the unnumbered "WHEREFORE" paragraph and the accompanying subparagraphs, Federal denies that National-Standard is entitled to the relief requested or any relief whatsoever.

## Count II

17.    For its answer to Paragraph 17 of the Complaint, Federal incorporates by reference as if fully set forth herein the admissions, denials, and averments contained in Paragraphs 1 through 16 of this Answer.

18.    Federal denies each and every allegation contained in Paragraph 18 of the Complaint.

In response to the unnumbered "WHEREFORE" paragraph and the accompanying subparagraphs, Federal denies that National-Standard is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with the National-Standard, and expressing denying any and all wrongdoing, Federal alleges the following affirmative defenses.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Federal.

## THIRD DEFENSE

National-Standard's claims are barred in whole or in part to the extent National-Standard has failed to perform all of its obligations under the Federal Policies.

## FOURTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent the exclusions, limits of liability and other terms and conditions contained in the Federal Policies apply.

## FIFTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent any statutes of limitations apply.

## SIXTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent that National-Standard, by virtue of its past conduct, is estopped to assert any claim for defense premised upon the Federal Policies.

## SEVENTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent that National-Standard, by virtue of its past conduct, has waived and relinquished any claim for defense premised upon the Federal Policies.

## EIGHTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent National-Standard has failed to mitigate, minimize or avoid any damages it allegedly sustained, and any recovery against Federal must be reduced by that amount.

## NINTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent that National-Standard has failed to give reasonably prompt notice of the matters alleged in the Complaint as soon as practicable, or as soon as National-Standard had knowledge that a claim was likely to arise.

## TENTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent that National-Standard negligently failed to disclose, concealed, or misrepresented facts which were material and were known to National-Standard to be material to the risks undertaken by Federal for the purpose of inducing Federal to issue or renew the Federal Policies.

## ELEVENTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent that National-Standard's alleged responsibility as alleged in its Complaint does not arise out of an "occurrence" or "accident" as those terms are used in the Federal Policies.

## TWELFTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent that National-Standard's alleged responsibility as alleged in its Complaint does not constitute "bodily injury" during the policy period of one or more of the Federal Policies.

## THIRTEENTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent that the Federal Policies exclude coverage for bodily injury which results from an act

that is "intended" or "can be expected from the standpoint of a reasonable person to cause bodily injury."

## FOURTEENTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent that the Self-Insured Retention of $250,000 per occurrence and/or $750,000 aggregate in one or more of the Federal Policies has not been exhausted.

## FIFTEENTH DEFENSE

National-Standard's claims are barred in whole or in part to the extent that the conduct giving rise to National-Standard's potential liability as alleged in its Complaint was deliberate and intentional in nature. As a consequence, the policies of insurance issued by Federal to National-Standard do not give rise to any duty to defend.

## SIXTEENTH DEFENSE

National-Standard's claims are barred in whole or in part by reason of the "other insurance" clauses in the Federal Policies.

## SEVENTEENTH DEFENSE

Federal asserts that National-Standard's purported causes of action may be controlled by the laws of other states, and therefore, raises it as a defense during this action.

## EIGHTEENTH DEFENSE

National-Standard's claims may be barred in whole or in part by the applicable doctrines of laches, unclean hands, res judicata, collateral estoppel, judicial estoppel, issue preclusion, waiver and/or estoppel.

## NINETEENTH DEFENSE

Venue is improper and/or inconvenient in this judicial district.

## TWENTIETH DEFENSE

National-Standard's claims are or may be barred in whole or in part under the terms, conditions, limits, exclusions or endorsements of the Federal Policies.

## TWENTY-FIRST DEFENSE

National-Standard's claims are or may be barred to the extent National-Standard has not fulfilled all conditions precedent and subsequent for coverage under the Federal Policies.

## TWENTY-SECOND DEFENSE

National-Standard's claims are or may be barred in whole or in part to the extent that National-Standard has failed to exhaust the Self-Insured Retention for each or all years under the Federal Policies.

## TWENTY-THIRD DEFENSE

The Complaint does not describe the claims made against Federal with sufficient particularity to enable Federal to determine what defenses it may have in

response to the Complaint. Federal, therefore, reserves the right to assert additional defenses which may be pertinent to the Complaint once the precise nature of such claim is ascertained through further investigation and/or discovery.

**WHEREFORE,** having fully Answered, Federal demands  that the Complaint against it be dismissed, with prejudice, and that the Court award it costs and attorney's fees incurred in defending against the Complaint, and for such other and further relief that the Court deems just and proper.

## COUNTERCLAIM

For its Counterclaim against National-Standard, Federal states as follows:

## INTRODUCTION

1.      This is an action for declaratory judgment pursuant to 28 U.S.C §2201 and Fed. R. Civ. P. 57.  This case involves an actual controversy between Federal and National-Standard with respect to the rights and obligations of the parties under the Federal Policies.

## PARTIES

2.       Federal is an Indiana corporation with its principal place of business in Warren, New Jersey.

3.      Upon information and belief, National-Standard is a Delaware limited liability company with its principal place of business in Niles, Michigan.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(c) in that the parties are subject to personal jurisdiction within this judicial district and Federal filed a notice of removal on January 28, 2016 to remove this action to this Court.

## THE POLICIES

6.     Federal issued general liability insurance Policy No. 3535-25-15 to National-Standard for the policy period April 1, 1999 to April 1, 2000 (the "1999 Policy"), Policy No. 3535-25-15 for the policy period April 1, 2000 to April 1, 2001 (the "2000 Policy"), and Policy No. 3535-25-15 CHI for the policy period April 1, 2001 to April 1, 2002 (the "2001 Policy") (collectively, the "Federal Policies").  A copy of each of the Federal Policies is attached as Exhibit A and is incorporated as if fully set forth herein.

7.     The Federal Policies state that, subject to the applicable limits of insurance, Federal will pay damages National-Standard becomes legally obligated to pay by reason of liability imposed by law or assumed under an insured contract for

"bodily injury or property damage to which this insurance applies caused by an occurrence."

8.      The 1999 Policy provides general liability insurance coverage to National-Standard with a general aggregate limit of $2 million and each occurrence limit of $2 million.  The 1999 Policy has a $250,000 per occurrence and $750,000 aggregate Self-Insured Retention.

9.      The 2000 Policy provides general liability insurance coverage to National-Standard with a general aggregate limit of $2 million and each occurrence limit of $2 million.  The 2000 Policy has a $250,000 per occurrence and $750,000 aggregate Self-Insured Retention.

10.    The 2001 Policy provides general liability insurance coverage to National Standard with a general aggregate limit of $1 million and each occurrence limit of $1 million.  The 2001 Policy has a $250,000 per occurrence and $750,000 aggregate Self-Insured Retention.

11.    The Federal Policies contain an exclusion for expected or intended injury.  The Federal Policies state in pertinent part:

This insurance does not apply to bodily injury or property damage which results from an act that:

- is intended by the insured; or

- can be expected from the standpoint of a reasonable person to cause bodily injury or property damage, even if

the injury or damage is of a different degree or type than
actually intended or expected.

## THE COVERAGE DISPUTE

12.    National-Standard has demanded that Federal provide a defense for
claims asserted against it by the plaintiffs in the *Bell Carr* case (the "Underlying
Lawsuit").

13.    Federal denies that National-Standard is entitled to a defense under
the Federal Policies for the Underlying Lawsuit.

14.    In 2007, the *Bell Carr* plaintiffs filed a Second Amended Complaint
against various defendants, including National-Standard.  The *Bell Carr* plaintiffs,
who are former employees of Arvin Industries, d/b/a ArvinMeritor, Inc., alleged
that they suffered harm from exposure to toxic and dangerous chemicals that were
flushed from the manufacturing machines and eventually circulated into a large pit,
which the plaintiffs were responsible for draining and cleaning.  In Count 2, the
plaintiffs allege the tort of "wantonness."  The plaintiffs allege that defendants,
including National Standard, "willfully and wantonly engineered, designed,
developed, configured, manufactured, assembled, distributed and/or sold" the
products at issue that injured the plaintiffs and that defendants, including National
Standard, "acted or omitted a duty, while knowing of the existing conditions and
being conscious that, from doing or omitting to do an act, injury would likely or
probably result to the plaintiffs, in reckless or conscious disregard of the rights or

safety of the plaintiffs."  (SAC, ¶ 33).  The tort of "wantonness" is the only claim that plaintiffs have asserted against National-Standard in the *Bell Carr* case (the "Underlying Claim").

15.    In *McKenzie v. Killian*, 887 So. 2d 861 (Ala. 2004), the Alabama Supreme Court held that "wanton conduct is the equivalent in law to intentional conduct and further held that a six-year statute of limitations applied to the tort of "wantonness."   The *McKenzie* decision applies to the claim of "wantonness" against National Standard in the *Bell Carr* case.

16.    On December 18, 2015, National-Standard filed a complaint for declaratory relief and damages against Federal ("Original Complaint") and on the same day, filed an amended complaint for declaratory relief and damages against Federal (the "Complaint") in the Circuit Court of Fayette County, Alabama.[1] On January 28, 2016, Federal removed that case to the United States District Court for the Northern District of Alabama.

17.    In its Complaint, National-Standard seeks a declaration that it is entitled to a defense from Federal for the Underlying Claim in the Underlying Lawsuit.

18.    Federal has denied that coverage exists under the Federal Policies for the defense of National-Standard in the Underlying Lawsuit.

---

[1] The relief sought in the Original Complaint and the Complaint is identical, but the Complaint is now the operative pleading.

## COUNT I
### (No Duty to Defend; Exclusion for Intended or Expected Acts)

19.    Federal incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 18 of this Counterclaim.

20.    National-Standard seeks a declaration that under the Federal Policies, National-Standard is entitled to a defense from Federal in the Underlying Lawsuit. The only claim asserted against National-Standard in the Underlying Lawsuit is the tort of "wantonness."

21.    Under the *McKenzie* decision, the claim for the tort of "wantonness" at issue in the *Bell Carr* case is the equivalent in law to "intentional conduct." Thus, National-Standard seeks coverage from Federal for the defense of National-Standard's alleged intentional conduct in Underlying Lawsuit.

22.    The Federal Policies do not apply to bodily injury that is intended or expected.  The Federal Policies state in pertinent part:

This insurance does not apply to bodily injury or property damage which results from an act that:

- is intended by the insured; or

- can be expected from the standpoint of a reasonable person to cause bodily injury or property damage, even if the injury or damage is of a different degree or type than actually intended or expected.

23.    Under the unambiguous and express terms and provisions of the Federal Policies, Federal has no duty to defend National-Standard for the Underlying Claim in the Underlying Lawsuit because intentional or expected acts are excluded from coverage under the Federal Policies.

24.    National-Standard has the burden to establish coverage under the Federal Policies.

25.    There is an actual controversy between Federal and National-Standard concerning whether Federal has a duty to defend National-Standard in the Underlying Lawsuit under the Federal Policies.

26.    A declaratory judgment will resolve the dispute between Federal and National-Standard concerning whether Federal has a duty to defend National-Standard in the Underlying Lawsuit under the Federal Policies.

27.    Federal is entitled to a declaratory judgment in its favor and against National-Standard that Federal has no duty to defend National-Standard in the Underlying Lawsuit under the Federal Policies.

## <u>COUNT II</u>
**(Failure to Exhaust Occurrence and/or Self-Insured Retention)**

28.    Federal incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 27 of this Counterclaim.

29.     Under the clear and unambiguous terms of the Federal Policies, no duty to defend National-Standard exists pursuant to the Federal Policies until the applicable Self-Insured Retentions are exhausted in any or all policy years.

30.     The Federal Policies have a $250,000 per occurrence and $750,000 aggregate Self-Insured Retention for each policy year.

31.     National-Standard has a duty to prove, but has not proven exhaustion of, the occurrence and/or aggregate Self-Insured Retentions contained in the Federal Policies for one or more policy year.

32.     Upon information and belief, National-Standard has not exhausted the occurrence and/or aggregate Self-Insured Retentions contained in the Federal Policies for one or more policy year.

33.     To the extent that National-Standard has not exhausted the occurrence and/or aggregate Self-Insured Retentions contained in the Federal Policies for one or more policy years, the coverage National-Standard now seeks from Federal under the Federal Policies is barred in any unexhausted policy year.

34.     A declaratory judgment will resolve the dispute.

35.     Accordingly, Federal is entitled to a declaratory judgment in its favor and against National-Standard that National-Standard has not exhausted the occurrence and/or aggregate deductibles of the applicable Federal Policies for one

or more policy years and that coverage under the Federal Policies is thus barred in any unexhausted policy year.

**WHEREFORE**, Federal Insurance Company respectfully requests, and after due proceedings are had, this Court grant judgment in its favor:

a. Declaring that Federal has no duty to defend National-Standard in the Underlying Lawsuit under the Federal Policies;

b. Declaring that the coverage National-Standard now seeks from Federal under the Federal Policies is barred by the exclusion for intended or expected acts;

c. Declaring that National-Standard has failed to exhaust the Self-Insured Retentions contained in the Federal Policies in one or more policy year and that the coverage National-Standard now seeks from Federal under the Federal Policies is barred in any unexhausted policy year;

d. Awarding to Federal attorney's fees and costs; and

e. For all such other relief as may appear just and proper to the Court.

## <u>JURY DEMAND</u>

Federal Insurance Company demands a trial by jury on all claims and issues so triable.

Respectfully submitted this the 28th day of January, 2016,

/s/ Joshua B. Baker
Jeffrey M. Grantham (asb-4866-m66j)
Joshua B. Baker (asb-5105-s72b)

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
jbaker@maynardcooper.com
jgrantham@maynardccooper.com

OF COUNSEL:

Daniel F. Gourash (0032413) (*pro hac vice* to be filed)
Robert D. Anderle (0064582) (*pro hac vice* to be filed)
Dipali Parikh (0082805) (*pro hac vice* to be filed)
Seeley, Savidge, Ebert & Gourash Co., LPA
26600 Detroit Road
Cleveland, Ohio 44145
(216) 566-8200
(216) 566-0213 facsimile
dfgourash@sseg-law.com
rdanderle@sseg-law.com
dparikh@sseg-law.com

*Attorneys for Defendant Federal Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this <u>28th</u> day of January, 2016.

Lewis Page
Page Law Firm, LLC
1933 Richard Arrington, Jr. Blvd. South
Suite 100
Birmingham, AL 35209-1262
Phone: 205-939-3900
Fax: 205-939-1300
Lewis.page@pagelaw.net

Robert F. Prince
Prince, Glover & Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406
Phone: 205-345-1234
Fax: 205-752-6313
rprince@princelaw.net

/s/ Joshua B. Baker
OF COUNSEL